UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMMY BREWER and JOSHUA
BREWER,

    Plaintiffs,

v.

File No. 1:13-cv-651

HON. ROBERT HOLMES BELL

CAPITAL MANAGEMENT SERVICES, L.P.,

    Defendant.

                                                  /

## OPINION

This is a debt-collection case brought under the Fair Debt Collection Practices Act and the Michigan Occupational Code. The case is presently before the Court on Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) (Dkt. No. 10). Because Defendant has filed an answer, the pleadings are closed. *See* Fed. R. Civ. P. 7(a). Defendant's motion is properly treated as a motion for judgment on the pleadings under Rule 12(c), on the grounds that Plaintiffs' complaint fails to state a claim upon which relief can be granted. However the same standards apply to each motion. *Sensations v City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

Plaintiffs have filed a response (Dkt. No. 13), to which Defendant filed a reply (Dkt. No. 15). Also before the Court is Plaintiffs' motion for leave to file a first amended complaint (Dkt. No. 14) and Defendant's response (Dkt. No. 16). Oral argument was not requested on Defendant's dispositive motion, and the Court holds that such is unnecessary to resolve the motions. *See* W.D. Mich. LCivR 7.2(d); *see also Himes v. United States*, 645 F.3d 771, 784 (6th Cir. 2011).

At issue in Defendant's motion is whether citing an entire statute in a complaint and alleging

a defendant has violated it by way of the facts alleged gives fair notice to a defendant of the claims against it. At issue with respect to Plaintiffs' motion is whether Plaintiffs have shown good cause why they should be allowed to amend their complaint after the deadline for doing so has expired. For the reasons that follow the Court grants Defendant's motion and denies Plaintiffs'.

## I. Background

The following facts are taken from Plaintiffs' complaint. Defendant is attempting to collect a debt from Plaintiff Joshua Brewer ("Plaintiff")[1] (Compl., Dkt. No. 1 at ¶ 6). The debt is allegedly owned to non-party University of Phoenix (*id.*). Defendant called Plaintiff Tammy Brewer ("TB"), who is Plaintiffs's mother (*id.* at ¶ 7). Plaintiff does not reside with his mother (*id.*). Defendant had not previously attempted to contact Plaintiff about the debt (*id.*). During the conversation, Defendant asked TB if Plaintiff was available to speak (*id.* at ¶ 8). Defendant's representative identified himself as a debt collector and indicated that he was calling to collect a debt (*id.*). TB stated that Plaintiff was unavailable and terminated the conversation (*id.* at ¶ 9). Both TB and Plaintiff have suffered emotional damages (*id.* at ¶¶ 9, 15, and 20).

## II. Analysis

A. *Motion for Judgment on the Pleadings*

In reviewing a Rule 12(c) motion to dismiss, the Court must "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff,'" but "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City*

---

[1] For reasons explained in Section II(C), Plaintiff Joshua Brewer is the only party that has stated a claim against Defendant.

*of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). Under the federal notice pleading standards, a complaint must contain "a short and plain statement of the claim showing how the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this statement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts that "state a claim to relief that is plausible on its face," and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. 678. "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 1583 (2012) (quoting *Iqbal*, 556 U.S. at 677). Where a complaint pleads facts that are merely consistent with a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Here, the complaint contains two counts:[2] one for violation of the Fair Debt Collection

---

[2]Count III of the complaint was dismissed by stipulation of the parties (Dkt. No. 12).

Practices Act ("FDCPA") and one for violation of the Michigan Occupational Code ("MOC"). Under Count I, Plaintiffs allege "Plaintiff[3] is a 'consumer' for purposes of the FDCPA and the account at issue in this case is a consumer debt" (Compl., Dkt. No. 1 at ¶ 12); "Defendant is a 'debt collector under the . . . [FDCPA]" (*id.* at ¶ 13); "Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. § 1692 et. seq [sic]" (*id.* at ¶ 14); and "Plaintiff has suffered . . . damages as a result of these violations of the FDCPA" (*id.* at ¶ 15).

Regarding the MOC, the Complaint alleges "Defendant is a 'collection agency' as that term in defined in . . . [Mich. Comp. Laws] § 339.901(b) (Compl., Dkt. No. 1 at ¶ 17); "Plaintiff is a debtor as . . . defined in [Mich. Comp. Laws] § 339.901(f)" (*id.* at ¶ 18); "Defendant's foregoing acts in attempting to collect this alleged debt violated [Mich. Comp. Laws] § 339.915" (*id.* at ¶ 19); and "Plaintiff has suffered damages as a result of these violations" (*id.* at ¶ 20).

Defendant argues that Plaintiff has failed to state a claim on either count because (1) Plaintiff cites entire statutes, instead of pointing to particular subsections he claims were violated (Def.'s Br., Dkt. No. 10 at 12); (2) that Plaintiff has therefore "failed to identify how Defendant's conduct was allegedly unlawful" (*id.*); and (3) with regard to Count II, failed to allege facts that support liability under *any* subsection of Mich. Comp. Laws § 339.915 (*id.*).

1.  Count I

The heart of Defendant's argument respecting Count I is Plaintiff's failure to cite any specific provision of the FDCPA in his complaint. However, in this context, "The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of the claim. Factual allegations

---

[3]The Complaint fails to specify *which* Plaintiff is a "consumer," but making all reasonable inferences in Plaintiffs' favor, the Court infers that all bare references to a "Plaintiff" in the Complaint are references to Plaintiff Joshua Brewer.

alone are what matters." *Quinn-Hunt v. Bennett Enterprises, Inc.*, 122 F. App'x 205, 207 (6th Cir. 2005) (quoting *Albert v. Carovano*, 851 F.2d 561, 571, n. 3 (2d Cir.1988)). Therefore Plaintiff's failure to cite specific provisions of the FDCPA does not, in itself, render his complaint deficient. This conclusion does not, however, foreclose further inquiry into the sufficiency of Plaintiff's pleadings.

Plaintiff argues that the allegations in his complaint (1) that Defendant is a debt-collection agency attempting to collect a debt owed by Plaintiff; (2) that Defendant spoke with his mother; and (3) that Defendant communicated to Plaintiff's mother that Plaintiff owed a debt are sufficient to state a claim under 15 U.S.C. § 1692, notwithstanding the fact that Plaintiff identified no specific subsections of the FDCPA (Pl.'s Resp., Dkt. No. 13 at 8). Plaintiff goes on to identify two specific subsections of the FDCPA he alleges were violated (*id.* at 8–9).

Although Plaintiff's Spartan allegations skirt dangerously close to being "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678, they nonetheless "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Specifically, Plaintiff alleges that Defendant is a "debt collector" under the FDCPA; that Plaintiff is a "consumer" under the FDCPA; that the very first time it attempted to collect the alleged debt, Defendant contacted his mother, a third party; and that Defendant identified to the third party that it was a debt collection agency attempting to collect a debt. Plaintiff then alleges generally that these acts violated the FDCPA, but without specifying which sections Defendant allegedly violated.

However, a cursory reading of the FDCPA reveals that communicating to a third party that a consumer owes a debt is prohibited. *See* 15 U.S.C. § 1692b(2). As noted *supra*, citing a specific

5

statute, or even the correct statute, is not a part of the liberal pleading requirements of Rule 8. *Quinn-Hunt*, 122 F. App'x at 207. Defendant is on fair notice of the claim against it, and the Court therefore holds that Plaintiff has stated a claim upon which relief can be granted with respect to Count I.

    2.    <u>Count II</u>

Defendant argues with respect to Count II, similarly to its prior argument, that Plaintiff has failed to state a claim because he has failed to identify which section of the MOC Defendant has allegedly violated (Def. Br., Dkt. No. 10 at 12). As analyzed above, failure to cite a specific statute does not render a complaint insufficient. *See Quinn-Hunt*, 122 F. App'x at 207. However, Defendant also argues "a perusal of the 18 sub-sections [of Mich. Comp. Laws § 339.915] indicates that the factual allegations in the Complaint do not support a claim of **any** of the sub-sections were violated" (Def. Br., Dkt. No. 10 at 12) (emphasis in original).

Plaintiff counters that Defendant has violated Mich. Comp. Laws § 339.915(n), which proscribes "[u]sing a harassing, oppressive, or abusive method to collect a debt." Specifically, he argues that "[h]ere, Defendant was clearly used [sic] a harassing and abusive method to collect the alleged debt by shaming Joshua Brewer into payment by disclosing the purported debt and Defendant's collection efforts to Tammy Brewer" (Pl.'s Resp., Dkt. No. 13 at 10). Plaintiff's argument asks the Court to make an extraordinary inference from what was pled in the complaint to what Plaintiff now considers his cause of action under the MOC. Nonetheless, such a leap inhabits the outer limits of the scope of "reasonable inferences" in Plaintiff's favor this Court is required to make under a Rule 12(c) motion. *See Hunter*, 565 F.3d at 992. Plaintiff's allegation that he suffered emotional damages as a result of the alleged violation of the MOC (Compl., Dkt. No. 1 at ¶ 20) gives

6

Defendant fair warning that he considers its debt collection practices "harassing, oppressive, or abusive." *See* Mich. Comp. Laws § 339.915(n). The Court therefore holds that Plaintiff has stated a claim upon which relief can be granted with respect to Count II.

B.  *Motion for Leave to File a First Amended Complaint*

Leave to amend a complaint may be had as a matter of course within 21 days of filing the complaint, or 21 days after service of a responsive pleading is served, if one is required, or 21 days of service of motions under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). After this period expires, leave to amend the complaint may be granted by the Court; the Court should grant such leave freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision of whether to grant leave to amend the complaint is within this Court's sound discretion. *Leary v. Daeschner*, 349 F.3d 888, 904 (6th Cir. 2003).

The Court may deny such leave, however, where there exists "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Benzon v. Morgan Stanley Distrib., Inc.*, 420 F.3d 589, 613 (6th Cir. 2005) (internal quotations and citations omitted). The Sixth Circuit has held that an amendment is futile "where [the] proposed amendment would not survive a motion to dismiss." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993).

When a scheduling order has issued establishing deadlines for when such a motion for leave may be filed, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[A] determination of the potential prejudice to the nonmovant . . . is required when a district court decides whether or not to amend a scheduling order. *Leary*, 349 F.3d at 909.

7

A party "prejudices his opponent by missing the trial court's scheduled deadlines." *Salyers v. City of Portsmouth*, ___ F. App'x ___, 2013 WL 4436536 at *6 (6th Cir. Aug. 21, 2013) (citing *Priddy v. Edelman*, 883 F.2d 438, 446–47 (6th Cir. 1989)). Further, a district court does not abuse its discretion when the moving party fails to show good cause for a modification of the scheduling order. *Leary*, 349 F.3d at 909.

The case management order issued by this Court (Dkt. No. 9) established August 26, 2013, as the deadline for amendments of the pleadings. Plaintiff has offered no "good cause" for why his proposed amendment, filed October 21, 2013, comes some two months late. Plaintiff mentions in the procedural history that "Defendant failed to raise any issues regarding deficiencies in the pleading formulating the parties' Joint Status Report [sic]" (Pl.'s Br., Dkt. No. 14 at 6). Plaintiff asserts that Defendant was required to "discuss any necessary amendments to the pleadings" (*id.*). Plaintiff claims that "deficiencies" in the Complaint came to his attention as a result of Defendant's Motion to Dismiss, filed after the deadline for amending the pleadings (*id.*).

Reading Plaintiff's brief indulgently, and construing the foregoing as an attempt to show "good cause" for the late motion to amend the complaint, the Court finds Plaintiff's showing wanting. Nowhere in the Court's June 25, 2013 Order (Dkt. No. 7) regarding the preparation of the Joint Status report does the Court instruct the parties to discuss deficiencies in the pleadings. Further, Defendant's Answer, filed June 24, 2013, explicitly states that Defendant raises as an affirmative defense "failure to state a claim" (Ans., Dkt. No. 5 at 7). Plaintiff has been on notice since late June that Defendant considered its pleadings to be insufficient, and had ample time before the expiration of the time to amend its complaint and to move for such amendment. Plaintiff has failed to show good cause for why the scheduling order should be modified. Further, the Court holds that, in the

absence of such good cause, Defendant would be prejudiced by a deviation from the scheduling order, per *Salyers, supra*. The Court therefore denies Plaintiff's motion to amend his complaint.

Even if Plaintiff could show good cause to deviate from the scheduling order, his proposed amendment of the complaint is mooted by this Court's holdings in this Opinion. The proposed amended complaint (Dkt. No. 14-1) merely adds citations of specific subsections of the FDCPA and MOC. Such specificity does not alter the reasoning of the Court in reaching the conclusions stated *supra*.

C. *Plaintiff Tammy Brewer*

Although Tammy Brewer is named as a plaintiff, the complaint and subsequent pleadings utterly fail to connect in any way Defendant's conduct to any injury she has suffered. Because the complaint shows no way in which Plaintiff Tammy Brewer is entitled to relief, it fails to conform to the very liberal pleading standards of Rule 8. The Court therefore dismisses Tammy Brewer as a party to this case.

### III. Conclusion

For the foregoing reasons the Court denies Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(c). The Court also denies Plaintiff's Motion for Leave to File a First Amended Complaint. Finally, the Court dismisses Plaintiff Tammy Brewer from this case.

The Court will issue an Order consistent with this Opinion.

Dated: November 18, 2013 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE